## May Lamon and Laura D. Mott v. King Brothers.

1. MECHANICS' LIENS—*Requisites of the Contract.*—Where a building contract is in writing, and contains no provision as to the time in which the work is to be performed, no lien can be enforced.

2. CHANCERY PRACTICE—*When the Objection that the Bill Does Not Support the Decree May be Raised.*—The objection that the bill does not support the decree may be taken advantage of at any time.

Mechanics' Liens.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

D. D. EVANS and G. M. McDOWELL, attorneys for appellants.

ISAAC A. LOVE and WILLIAM R. JEWELL, JR., attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit in equity by appellees against appellants to enforce an alleged mechanic's lien under the statute by virtue of a contract made by appellees with Mellissa B. Lamon, the owner of the property, September 22, 1898, for a steam heating apparatus to be placed in the latter's house for $550, upon which $200 had been paid. Appellants, being the heirs of Mrs. Lamon, who died after the contract was made, answered the bill, and the cause was referred to the master to take evidence and report the same with his conclusions of law and fact, and this having been done adversely to appellants, who duly objected and excepted to such report of the master, the court, upon the final hearing of the cause, overruled the exceptions to the master's report and approved the same, and decreed a lien against the property for $403.40, including interest and attorneys' fees, and to reverse such decree this appeal is brought, and to effect such reversal it is insisted that appel-

lees are not entitled to a lien under the statute, and that the decree is not supported by the evidence because it is not proved that appellees complied with their contract.

There is much conflict in the evidence as to the question whether appellees substantially fulfilled their contract, but we think we are relieved of the necessity of determining this point, for the reason that the written contract of the parties, set out and referred to in the bill, under which the work was done and the lien is claimed, contains no provision as to the time within which the work was to be performed. In the recent case of Freeman v. Rinaker, 185 Ill. 172, it was held that under section 6 of the act of 1895, where the contract is in writing and contains no provision as to the time within which the work is to be performed, no lien can be enforced; that although it was held under former statutes that where the contract contained no provision as to time, there was an implied agreement as to time, and if the work was done within one year the contractor could have a lien, yet such decisions were based upon provisions of the statute which are omitted from the statute of 1895, and under the latter statute, where the contract is an express contract, as the one here is, and no time was agreed upon for the completion of the work, the law can not imply any time for completion, and therefore the appellee is not entitled to a lien. It is insisted by counsel for appellee that the point is too late, coming to this court for the first time, but we see no force in this position, if true. The bill refers to the contract, which in truth forms the basis of the suit, and the defect, therefore, appears upon the face of the bill, and if, as has been decided by the Supreme Court, no lien can be enforced under such a contract, the bill itself does not support the decree, and this we think may be taken advantage of at any time. Under the authority of Freeman v. Rinaker, *supra*, it seems to us clear that nothing remains for this court but to reverse the decree of the Circuit Court and remand the cause, with directions to dismiss the bill, and it is done accordingly. Reversed and remanded.