## Superior Lumber Co. v. Phillip Gottlieb.

1.  MECHANIC'S LIEN—*Does Not Exist Where No Time is Fixed for the Completion of the Work.*—Where no time is fixed in a written contract for the completion of the work, there can be no lien.

**Petition for a Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 5, 1902.

ELMER H. ADAMS, attorney for appellant.

No appearance by appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree dismissing appellant's petition for a mechanic's lien for want of equity. The contract, under which certain work and materials are alleged to have been done and furnished, is made a part of the petition. It is dated May 24, 1897, and provides, in terms, that the work contracted to be done and the materials contracted to be furnished shall be done and furnished on or before May 20, 1897. Thus the time fixed for the complete performance of the contract was a time prior to the time of entering into the contract, and therefore an impossible date for performance. If no time for the completion of work contracted to be done is fixed in a written agreement such as the one in question, there can be no lien. Freeman v. Rinaker, 185 Ill. 172; King v. Lamon, 193 Ib. 537; Lamon v. King, 91 Ill. App. 74.

To fix an impossible time for completion is as much a non-compliance with the statute as an omission to fix any time. Appellant's counsel contends that the answer of the defendant, appellee here, in averring that by the terms of the contract the work should have been completed May 20, 1897, estops appellee from raising the question. We can not perceive how this averment, which is a mere statement of a provision in the contract set up in the petition and made a part thereof, can estop appellee from insisting on the fatal defect in the contract.

The decree will be affirmed.